22-1-A-1 Just give us a second, Counselor. Sure. Thank you. Good morning. Good morning, Your Honor. May it please the Court. There was a plea agreement in this matter, U.S. v. Orr. And while that plea agreement is not controlling on sentencing, the guidelines that were discussed and disputed within the plea agreement, I think, are relevant to considerations related to whether the sentence was substantively reasonable or procedurally reasonable. The government, in its brief, does make the point, and I understand the argument, that to the extent that there were two guideline ranges proposed by the parties, that the Court ultimately went with the government's range, even though it was by a different determination of the appropriate enhancements. While I understand the argument, I disagree with it. I believe that, at this point, having decided the issue of whether that 2017 state conviction would constitute a controlled substance offense for purposes of guidelines, I believe that the government's position is really that the appropriate range imposed has to be 37 to 46 months, the range that was proposed by the defense. I thought that the principal issue before us was whether the enhancement pursuant to 2K2.1A4B was proper. So I do think that is the principal issue. And that's the high-capacity magazine enhancement, which I believe gets into the issue of whether the sentencing was procedurally reasonable. And, Judge, I think that when we look at the totality of the record, I want to be clear that the defense understands and appreciates that court is generally not limited in what it can consider as part of determining an appropriate sentence. That's obviously established by the U.S. Code in Section 3661 of Title 18, as well as subsequent case law. But even though the court is largely unlimited in what it can consider, what it did consider in this case was generally limited to the criminal complaint, a charging instrument. I do believe that it's- Generally, but not entirely. Well, I know that the government made its point that the probation officer at some point comments towards- Well, there's factual allegations in the pre-sentence report, which we're not objected to, that go precisely to this question. And, of course, the pre-sentence report forms the factual record for sentencing from which the district court is obligated to determine the correct deadline range. Right. I believe, and I guess stylistically or functionally, it may have been better practice to object to specific paragraphs as part of the- I mean, the district judge seemed to be fishing for it a little bit. Gave, like, three chances, just making sure. Any other objections? I know you're objecting to the calculation, but any other objections? No. Well, I think we did, the defense did clearly object to the enhancement, and I think the intention demonstrated by the comments during sentencing is that we object to any underlying factual determinations that go towards that. So, and perhaps I'm wrong, but you could have asked for a fatique hearing. That is a hearing if there was a real dispute, a factual dispute, about the capacity of any one of the firearms involved, and that didn't happen. I don't know. I could have theoretically asked directly for a hearing, but in asking for a hearing, I think from a practical standpoint, the party who would be presenting evidence on the other side is the government, and the government had stated during the course of sentencing that it's not going to take that position or present evidence in that regard. So while I agree a fatical hearing would have been appropriate as a means of determining this, when the party who is representing what would be the other side of that hearing is indicating we are not going to present evidence, it's consistent with the agreement that we're not going to support a determination related to that enhancement, I don't know how- Does that relieve you of your duty or obligation, maybe the wrong word, of the right to ask for a hearing if you think that notwithstanding the government's position, the district court, the sentencing judge, may disagree? I think if there was a factual dispute established, if our determination had been there had been a factual dispute established, then yes, we would have been under some obligation to say, well, we would like a hearing to address and resolve the dispute. But the factual dispute wasn't presented between the parties, and the factual dispute is more of- But the factual dispute does arise not necessarily between the parties, but between the defendant and probation, right? There was some dispute that was apparent, at least on the record as our record. And as Judge Nathan, I think, suggested, the judge indicated that there might be a disagreement. Well, on probation, there's a couple of points. One is probation made that comment after the court already indicated it had made its determination. Probation doesn't comment in the record until after, I believe, the court had already said- Well, the PSR is the probation department commenting. And you had that before sentencing. You had it at sentencing. And then, I mean, at some point it's clear what the district judge is going to do, that he's going to rely on that factual determination of- And I don't even understand. I mean, your comments- It was you, counsel? I said you, but you were defense counsel at sentencing? Yes. So what I understood you to be saying is not these aren't high-capacity weapons in the pictures, but something like he didn't plead to possessing those particular weapons. So maybe there's a factual argument that goes to actual or constructive possession of those particular weapons. And, I mean, again, I'm just looking at the PSR. There's several paragraphs that describe factually pictures of Mr. Orr sending with high-capacity weapons, indicating that they're for sale in some way. And so I think, to go back to Judge Lillie's original question, is there a factual basis in this record for that determination by the district judge? Yes. I don't know how to read those paragraphs differently than a sufficient factual basis. And you didn't seek a FATICO hearing to make further contentions about whether, in fact, Mr. Orr possessed or didn't possess those actual weapons. I'm just not sure. I mean, what it seemed like you were trying to do was to get the court to stick with the plea, the stipulated range of the plea. And, of course, the district court isn't obligated to do that. Well, I wanted the court to consider a different starting point with the guidelines. I guess the only thing I'll say on the – I understand the point being made about the paragraphs within the PSR. The reason I think that was not something we were responsive to during the course of sentencing is because the court did identify not the paragraphs in the PSR as what it was relying on, but the complaint. But the complaint is a sworn statement. Yes. Right? And so the standard at sentencing for the findings, in fact, is preponderance. Yes. So you have a sworn statement. So if you had a hearing, presumably that agent would have gotten up and said exactly what he wrote down in his complaint. So you have sworn testimony about this, and you have the statements in the PSR. And one of the two counts here, setting aside the felon in possession, one is conspiracy to traffic and firearms, right? Yes. So conspiracy. So – and they find an extended magazine firearm, I believe, in the co-conspirator's home during the search. So we have the photos that say my partner has these guns for sale that show high-capacity magazines, and we have the finding of an actual high-capacity magazine gun during the search of the co-conspirator's home. So I think to follow up on Judge Nathan's question, or maybe to repeat it, which is maybe not helpful, how is that not an adequate basis on a preponderance standard to make the finding that the offense, quote, involved, at least the offense of conspiracy to traffic, involved high-capacity magazines or guns capable of accepting them? I think ultimately, to just further the point I made earlier, that I don't think a complaint will typically be the basis to determine a preponderance in regard to a sentencing enhancement that has a substantial impact on sentencing. Part of that is because the complaint is prepared, not only in this case, by not indicating a factual assertion that there was a high-capacity magazine, but also that there's not the typical type of indicia of reliability related to the assertions because the complaint has a particular function of establishing probable cause for the offense. But things like pictures, there's nothing to indicate that these pictures are fair and accurate depictions, how they were obtained, why it's believed that those pictures were taken from there. In the complaint, doesn't it say, assert, that those firearms that were depicted in the photographs were the result of a search warrant of the Hill family home or some abode that was controlled by the Hill family and that, in effect, those are conspirators involved in the same events, the same conspiracy events? My only recollection on that is that the complaint, the pictures that were referenced and discussed during sentencing contained in the complaint, and I could be wrong, but I believe that there were pictures in reference to allegations within the complaint that Mr. Torr sent pictures through text message and that these pictures were derived from those text messages. So other than that sort of blanket assertion that these were messages sent from Orr, I don't believe there was any background in terms of how that was determined. And in terms of a preponderance standard, which is obviously higher than a probable cause standard that is presented in a charging instrument, I don't believe that that's enough. Can I just ask remedy-wise, so you would seek remand for a FATICO hearing on the applicability of this enhancement? I would request remand for resentencing. I would argue that additional evidence may be discussed and considered, but I don't know if the government is still bound by that plea agreement. I don't know that they could present evidence as part of a FATICO hearing. I mean, in my experience in district court, where the district court said, I understand the stipulated range, I'm going to ask you a factual question to either side. It's not a breach of the plea agreement to truthfully respond to that. You get answers to these questions. But in any event, you're not, whatever the government can or can't do, you're not now asking for a FATICO hearing. I'm not asking for this court to order a FATICO hearing. I guess my position is I would ask that that be left to the discretion of the district court in terms of how to conclude new sentences. I think your argument is that it was, whatever this is, this complaint, it was not a sufficient basis for finding to go back and redo. That's, yes. However you want to do it, Judge. That is at the center and the basis of the majority of our arguments, yes. You've reserved some time for rebuttal. Thank you. May it please the court, Monica Richards for the United States. Your Honor, I frankly took the wind out of my sails with the first couple comments, the first couple questions to my colleague. This on review for clear error here, where there was no denial that these were indeed weapons that were semi-automatic guns capable of accepting high-capacity magazines. There's yet to be a denial that that's the truth. Well, let me put some wind back. I was going to say that too. So one of the things that your friend on the other side is arguing is that it was actually improper, it isn't improper for a district court judge to consider a sworn complaint from the government in assessing whether an enhancement is appropriate as a matter of a preponderance of the evidence standard. And the PSR, you know, the PSR is what it is. But the pictures on which the government, well, on which the judge primarily relied, I think is actually uniquely relied, are contained in the complaint. The other point that I think your friend says or makes is that to the extent that the probation officer mentioned that an ATF agent confirmed that some of these were high-capacity magazines, that came after the finding made by the district court judge and shouldn't really affect our review. And he's made some other points, but those are at least two points. So the wind back at you. What's your response? I still feel like the wind's behind me and pushing me forward. But the concept is that in the PSR, as your honors noted, the paragraph, it's in the search warrant execution paragraphs, paragraph 42. 42. There's a reference right there to the finding of a 30-round magazine with an AK-47 rifle. So right there, that's enough. That's not a minimum finding of guns. There's no requirement. There has to be X number of guns found with that capacity. So that's in there. And then also with regard to the statements that your honor made, I believe that the correct avenue then had there been an actual disagreement with regard to the reliance on those photographs. Again, note that was a sworn complaint that was submitted. If there had been an actual objection to the nature of those magazines and the size of those magazines and the application factually, then yes, it would have been a motion to withdraw the plea. It would have been a request for a FATICO hearing. There's all sorts of avenues that were available to the defendant at that point. But none of those happened. None of those things that would have kept us from being here, frankly, happened. And so again, on review for clear error, which is where this court is at this time, where again, there is sufficient basis in the PSR. There were no objections to the facts. There was indeed a sworn statement that contained the photographs that clearly demonstrate to my mind that those are capable of accepting high-capacity magazines. We don't have something here that this court could find was clearly erroneous. The – excuse me. I hope that answered your Honor's question. I'm not sure that – I think I did. So there was a second part, which is that it was the probation officer's subsequent statement. Is that something that we can consider even though – it's on the record. Even though it appears to have come during the sentencing proceeding after the district court judge effectively made the determination, made a finding. Yes, I'm not sure that the timing of that is relevant. I do believe at that point, and I don't know that that's even necessary for this court to rely on in terms of finding that there was no clear error here. It certainly supports the finding that there was no clear error here. That we did have this confirmation come through the probation officer in terms of the analysis of what those – what the nature of those magazines and guns were. But I don't know that that's absolutely necessary to this court. May I sort of follow up unrelated, I think, to what counsel said earlier? There are a lot of firearms here, and the high-capacity nature of those firearms is disturbing. But yet the government entered into a plea agreement that didn't take that into account. Is that correct, or is that – am I wrong about that? That didn't take the nature of the – The high-capacity. High-capacity. Well, it didn't have – there's no enhancement. It looks like fact, Mark. No, that's true. I mean, there's all sorts of reasons why that might have happened. I'm not exactly privy to, and I'm not sure relevant to the court's consideration. But, no, I don't know what the nature of the charging decision was. Okay. I mean, there's fact-bargaining, and then there's fact-bargaining movement. Yeah, it's the – I mean – The burden of being an appellate attorney. In the Southern District, that's a no-no. Sorry? In the Southern District, that's a no-no. They don't fact-bargain, I don't know. Yeah, I'm sorry that I'm not in a position to answer Your Honor's question with regard to the charging decision that was made here. But with regard to the sentencing, I can say that this court's review unclear error. Can I ask on sentencing, when the district judge is indicating what he's inclined to do, how he's inclined to get there, and what facts he's relying on, and defense counsel is making an objection, I mean, made an objection to the calculation in the PSR, is making an objection that has a factual content to it, right? I think it was not about whether it was high-capacity, but whether Mr. Orr possessed those particular weapons. Is the district court under any obligation at that point to say, well, I'm going to make a factual determination which appears contested that's material to my sentencing, or are you seeking a fatico hearing, or I'll conduct a fatico hearing unless that's waived in any way. Is there any obligation to do that? I was actually, thank you, Your Honor, for the question. I was actually trying to find, as I was sitting there, where exactly that came from, the objection to the thought that there was an objection to the, and I think it must be somewhere in 113 to 115, which is where Mr. Foti was speaking. But he says I object primarily. It's in a couple places. I don't have the transcript at my fingertips. But it's in a couple places. And it sounds to me in those moments that he's saying there's a, that he didn't get to litigate, didn't litigate because of the nature of the plea whether those particular weapons were possessed by Mr. Orr. Yep, understood. I'm sorry. 115 is what I was looking for. I'm sorry. But, yeah, no, I agree that that was an objection that was made, but not to the objection otherwise as to the finding that these were high-capacity magazines. Well, you would need both, right? Well, as the court noted, excuse me, just that the text message, they were on the defendant's phone, submitted. No, I understand. And I think that's a factual basis here. I'm just wondering, does the government have a view as to whether, assuming that is a factual objection that the district court is going to make, make a factual conclusion that materially affects sentencing and there's a factual objection being made, is there any obligation to give some notice and say I'm going to provide a FATICO hearing? As you heard me explore, it's not the argument the government's making, sorry, the defense is making, but I'm just wondering what the government's view is. Well, and also a little undercut here was noted that this was a conspiracy charge. So whether or not this defendant particularly, as I read that section there, whether or not this defendant particularly had the possession of that high-capacity, I'm sorry, I keep saying it wrong, but the gun capable of accepting a high-capacity magazine, whether or not that's true as to this particular defendant doesn't matter in the context of a conspiracy. And then I have one more question. You agree the district court's obligation is to determine the correct guideline range based on the factual record before him, right? Of course. The district judge here, I mean, as I see it, probably did need to resolve the predicate offense question because under 2K2.1A3, it would be an offense level of 22 if you have both high-capacity and a predicate offense. And he just sort of said, well, I don't need to resolve it because I can get to 20, which is what the parties agreed to without that. Maybe I would agree with Your Honor to the extent that that was imposing a higher offense level, but here what he did was he went lower by not making that finding, by wiping that question off the table, leaving just the issue of whether or not the gun. So you think it's the district court's obligation to correctly determine the lowest possible range? No, I think that more would have been required. I think a decision on that issue regarding the prior offense would have absolutely been required were he imposing a base offense of level 20 in the plea agreement, as the government argued, under 2K2.1A4A, or as the PSR suggested, under 2K2.1A3, that's a relevant finding for those two applicants. Before you can apply those provisions, you'd have to make that finding. Before you can apply 2K2.1A4B, you don't have to make that finding. Right. So it becomes, that finding becomes more or less superfluous. But it's not. Not necessary, not relevant. Well, if the task is the accurate determination of the guideline range and it would be higher with that finding made, then it's not irrelevant, it's irrelevant to a lower determination. And I ask because the district court, I think, if the judge had found 22, then the guideline range would have been 87 to 108, and he imposed 108. My apologies for not having noted that my time was over before, but just to answer Your Honor's question, again, I would say that yes, if that was the finding he was making, but he wasn't. There's all sorts of other findings in the guidelines. There's all sorts of other guidelines, applications, excuse me, guidelines that could have applied in any case, and a finding would have been required to impose the specific, I'm sorry, to make the guidelines calculations based on a specific guideline. So say, I don't know, I can't come up with one off the top of my head that easily, but if he'd also discharged the weapon or something, that's not really quite right, but if he'd also discharged, then he would have had to have made a finding as to whether or not discharge was present. Here, if he was going to rely on a particular guideline based on prior history, prior criminal history, then he would have absolutely had to have made a finding on that. But the decision as he made didn't rely on the prior history at all. And it happens that the PSR, the probation folks, sometimes come up with things that the parties didn't think of, and sometimes it inures to the defendant's benefit, and sometimes it doesn't. And here, this is one that kind of actually towed a line in terms of the guidelines calculations. Unless there's any further questions. Thank you. So we'll hear from Bob. Just to quickly follow up, I did, I believe in my brief, address that that was one of our concerns, that the judge, I think on two or three instances at least that were cited, indicated I think the minimum offense level is 20, and refers to it kind of as a base. The idea that he doesn't identify that as the offense level, and then ends up with what would functionally be the high end of the guidelines, if it were 22, was something not lost on us. I had a concern, and that's part of why the briefing includes this position, that that issue should have been resolved. The last thing I want to just refer to, even though I don't think probation's comment during the course of the sentencing hearing should be considered, because it was after the determination had been made, I think it is relevant that the probation officer essentially indicated that she couldn't review the complaint and make these assertions herself. She did it after consulting with the case agent. I think that also demonstrates that the complaint, when considered by itself, doesn't provide sufficient evidence, absent some degree of, I guess, technical expertise. The case agent's not identified, and there's no backgrounds provided to establish his credentials, but clearly the inference is simply reviewing the complaint wasn't enough without some further investigation, and I think that ultimately is one more point that goes to our reasoning. You clarified something for me that I think I've now lost a little bit of my own mind. Are you asking us to assign error as to both the two findings with respect to 2K2.1, as to both the finding that one of the firearms involved was capable of accepting a high-capacity magazine and that the offense involved that firearm, or is it just the latter that you're asking us to assign error to? I guess I'm looking for determination on both, but the focus has been on the latter in terms of- The offense. Yes. So the government, I think rightly, but perhaps I'm wrong, perhaps the government's wrong, says this is a conspiracy offense. So in the context of a conspiracy, issues of possession and constructive possession seem to me to be off the table, but is that right or is that wrong? In other words, if the offense is a conspiracy and my co-conspirators are the ones who possess or constructively possess, but I have not done so, but I have agreed to the conspiracy, is that enough to trigger 2K2.1? So I'm glad this question was asked again and it's been brought up by both the government and the courts. But this is why I preface this by saying I got lost. So it is a conspiracy. One thing I want to point out, and I know this could open up another can of worms, but I think it's important to distinguish this, is the complaint obviously is not what Mr. Orr pled to. He couldn't. He pled to an information. The information does allege conspiracy in count one. The information alleges conspiracy with Thomas Hill Jr., which is one of the three individuals who were originally charged. And when you review the allegations within the complaint, consistently the only connection, as well as the factual basis of the plea, the only connection that's established with Mr. Orr is with Thomas Hill Jr. I understand a conspiracy can involve individuals that maybe the defendant was unaware of, but what he ultimately pled guilty to was a conspiracy that identifies Thomas Hill Jr. as the other named party and omits Hill Sr. The portion about the search warrant execution, while I understand why that is a consideration of the court and why that might be part of the analysis, I would note the distinction that the search warrant that produced the results involving the high-capacity magazine was a residence associated with Hill Sr. I think that's why it didn't become part of the sentencing hearing, why the judge didn't reference it as part of his findings. I think ultimately what was pled to in the information, as well as in the plea agreement, suggests that Hill Sr. was not part of the conspiracy that Mr. Orr was agreeing to take a plea to. And so although it's included as part of all background information that's included in a PSR, I don't believe the high-capacity magazine related to Mr. Hill Sr. was part of the court's analysis at sentencing. So whatever's referred to in Paragraph 42, we can't tell who's saying that that was involved in the conspiracy with Hill Jr.? Paragraph 42 of the PSR, I believe... Are we talking about the PSR? We're talking about the PSR. Paragraph 42, if we go up to Paragraph 21, it talks about Hill Sr. using the residence. I don't know if there's some separate factual basis to tie this to the conspiracy involving Mr. Orr, but I note that distinction that Mr. Hill Sr. was omitted from the conspiracy that he actually pled to and was omitted from the factual basis of what he pled to, and that search warrant was not referenced or discussed during the sentencing hearing, and I think that's why. Thank you very much. Thank you.